**FILED**

**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**08 C 1394**

| | |
|---|---|
| MARIANNE JORDAN,<br>individually and on behalf of a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| WELLS FARGO BANK, N.A., d/b/a<br>WELLS FARGO HOME MORTGAGE;<br>AMERICA'S SERVICING COMPANY;<br>and DOES 1-5 | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**JUDGE NORGLE
MAGISTRATE JUDGE DENLOW**

**JURY DEMAND**

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1.     Plaintiff brings this action to rescind a "subprime" mortgage and to recover damages for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).

3.     Defendants transact business in the District and are deemed to reside here.

**PARTIES**

4.     Plaintiff Marietta Briscoe owns and resides in a home at 17104 California Avenue, Hazel Crest, Illinois, 60429.  She is 69-years-old, retired, and lives alone.  She is an ordinary consumer.

5.      Defendant Wells Fargo Bank, N.A., is a federally-chartered corporation that conducts business as Wells Fargo Home Mortgage and America's Servicing Company ("ASC").  It is engaged in the business of servicing sub-prime, residential mortgage loans.  It has offices at 7495 New Horizon Way, Frederick, MD, 21703.  It does business in Illinois.

6.      ASC is currently receiving payments on plaintiff's loan.

7.      On information and belief, ASC is the beneficial owner of plaintiff's loan.

8.      If ASC is not the owner of plaintiff's loan, the current actual owner(s) is/are named as Does 1-5.

9.      New Century Mortgage Corporation ("New Century") was the originating creditor of plaintiff's loan.  However, New Century is not made a defendant because it is bankrupt.  It was a mortgage lender that, prior to its bankruptcy, made more than 26 loans per year.

### FACTS COMMON TO ALL COUNTS

10.      Prior to July 19, 2005, plaintiff applied for refinancing to New Century through a mortgage broker, LTL Financial Services, Inc., with branch offices in Olympia Fields, Illinois.

11.      Plaintiff decided to refinance through the broker because the latter told her that it could get her a lower interest rate and a lower monthly payment.

12.      Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

13.      New Century agreed to make a loan in the principal amount of $119,000.

14.      The loan was closed on or about July 19, 2005.

2

15.     The following are documents relating to the loan: a mortgage (<u>Exhibit A</u>), a note (<u>Exhibit B</u>), a HUD-1 Settlement Statement (<u>Exhibit C</u>), a Truth In Lending Disclosure Statement (<u>Exhibit D</u>) and a federal Notice of Right To Cancel form (<u>Exhibit E</u>).

16.     On information and belief, the New Century loan has a higher interest rate and higher monthly payment amount than plaintiff's previous loan.

17.     Plaintiff was later directed to make payments to ASC. To the extent it services plaintiff's loan, it is named as a necessary party only. As a servicer, ASC claims certain rights in plaintiff's loan, including the right to receive payments, to report to credit bureaus and to pursue foreclosure as a means of enforcing payment.

18.     On information and belief, ASC also owns plaintiff's loan.

19.     In the event ASC does not own plaintiff's loan, the actual owners are named as Does 1-5. Actual ownership is not a matter of public record.

20.     On information and belief, ASC acquired one or more large pools of loans originated by New Century.

## COUNT I – TRUTH IN LENDING ACT – INDIVIDUAL CLAIM

21.     Plaintiff incorporates paragraphs 1-20. This count is against all defendants. To the extent it is merely a servicer, ASC is named as a necessary party only.

## RIGHT TO RESCIND

22.     Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. Sect. 1635 and 12 C.F.R. Sect. 226.23. Sect. 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

**(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

**(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

**(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]**

**(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(2) The consumer's right to rescind the transaction.**

**(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

## GROUNDS FOR RESCISSION

23.     In connection with the loan, New Century failed to provide the required financial disclosures, in violation of 15 U.S.C. Sect. 1637, 12 C.F.R. Sect. 226.18 and the corresponding section of the Official Federal Reserve Board ("FRB") Commentary on Regulation Z.  In particular, the TILA Disclosure Statement (<u>Exhibit D</u>) failed to disclose the frequency of repayments.

24.     In addition, only one federal Notice of Right to Cancel was provided to plaintiff, instead of the two required by Sect. 226.23(b) (see above).

25.     Either violation alone entitles plaintiff to rescind the loan.

26.     Notice of rescission was sent certified mail, return receipt requested, to defendants on May 7, 2007, by plaintiff's previous counsel (<u>Exhibit G</u>).  The Notice was received (<u>Exhibit H</u>).  Defendants did not respond.

27.     The loan has not been rescinded.

28.     Under 15 U.S.C. Sect. 1641(c), the right to rescind may be exercised against "any assignee."

29.     In addition, 15 U.S.C. Sect. 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

      a.     A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

      b.     Statutory damages for the underlying violation;

      c.     Statutory damages for failure to rescind;

      d.     Attorney's fees, litigation expenses and costs; and

      e.     Such other or further relief as the Court deems appropriate.

## COUNT II – TRUTH IN LENDING ACT – CLASS CLAIM

30.    Plaintiff incorporates paragraphs 1-29.  This count is against all defendants.  To the extent it is merely a servicer, ASC is named as a necessary party only.

31.    The TILA Disclosure Statement in Exhibit D is a standard form document that was regularly used by New Century, including in connection with those New Century loans that were subsequently purchased by Wells Fargo and/or ASC.

32.    All Truth in Lending Disclosure Statements in the form represented by Exhibit D violate TILA, Regulation Z, and the Official FRB Commentary in that they fail to disclose the frequency of repayments, as required.

## CLASS ALLEGATIONS

33.    Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Illinois residences (b) who entered into a residential mortgage transaction with New

6

Century, (c) received a Truth in Lending disclosure statement in the form represented by Exhibit D, (d) where the loan is now held by Wells Fargo, and (e) which loan was closed on or after a date three years prior to the filing of this action.

34.    The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

35.    There are questions of law and fact common to the members of the class, Which common questions predominate over any questions that affect only individual class members. The predominant common question is simply whether Exhibit D violates TILA.

36.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theory.

37.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in the prosecution of mortgage cases and class actions.

38.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    A declaration that class members have the right and the option to rescind, should they choose to exercise that right upon receiving notice;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

Respectfully submitted,


s/Al Hofeld, Jr.
Al Hofeld, Jr.


Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Social Justice Project,
208 S. LaSalle Street, Suite #1650
Chicago, Illinois  60604
Phone - (312) 345-1004
Fax - (312) 346-3242
al@alhofeldlaw.com


## JURY DEMAND

Plaintiff demands trial by jury.


s/Al Hofeld, Jr.
Al Hofeld, Jr.

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Al Hofeld, Jr.
Al Hofeld, Jr.


Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Social Justice Project,
208 S. LaSalle Street, Suite #1650
Chicago, Illinois 60604
Phone - (312) 345-1004
Fax – (312) 346-3242
al@alhofeldlaw.com

1